UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LENWARD P. HEBERT | * | CIVIL ACTION |
| VERSUS | * | NO. 21-88 |
| BRANDON FRANCE, ET AL. | * | SECTION "G" (2) |

### ORDER AND REASONS

Plaintiff Lenward P. Hebert's Motion for Discovery (ECF No. 18) is pending before me in this matter. Defendants Bryce Autin, Brandon France, Golden Meadow Police Department, Golden Meadow Town filed a timely Response Memorandum. ECF No. 19. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of the parties, and the applicable law, Plaintiff's motion for discovery is DENIED for the reasons stated herein.

### I.   BACKGROUND

According to the petition in this removed case, on June 30, 2019, Defendant Deputy Brandon France conducted a traffic stop of Plaintiff, searched his vehicle, removed a handgun and ammunition, issued a citation, and had the car towed. ECF No. 1-2, at 7-12. Plaintiff challenges that conduct and his prosecution on the traffic citation. Id. at 13-17. He cites a variety of statutes, including 42 U.S.C. § 1983, and seeks millions of dollars in damages. Id. at 25-49.

The Court issued a Scheduling Order on March 18, 2021, noting that the parties had exchanged Rule 26 initial disclosures. ECF No. 13, at 2. On May 27, 2021, Plaintiff filed this Motion for Discovery asking the court to order the State of Louisiana, Town of Golden Meadow, Golden Meadow Police Department, Bryce Autin and Brandon France and to produce certain documents and answer certain questions. ECF No. 18, at 2-7.

1

In response, Defendants Town of Golden Meadow, Bryce Autin and Brandon France ask this Court to deny Plaintiff's motion because Plaintiff filed this motion without first issuing Interrogatories or Requests for Production to Defendants and without allowing them thirty days within which to respond to same, in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure. These Defendants also object on the basis that Plaintiff seeks relief from this Court without first conferring with them to resolve any discovery disputes as required by Rule 37. ECF No. 19, at 1-2. Defendant State of Louisiana has not filed any response.

## II. LAW AND ANALYSIS

Once the defendants have appeared and the parties have held the required Rule 26(f) conference or the time period within which to do so expires, discovery may commence.[1] At that time, Plaintiff may issue interrogatories and/or requests for production of documents pursuant to Fed. R. Civ. P. 33 and 34.

Rule 33 provides, in pertinent part:

> (a) IN GENERAL.
> (1) Number. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).
> . . .
> (b) ANSWERS AND OBJECTIONS.
> (1) Responding Party. The interrogatories must be answered:
> (A) by the party to whom they are directed; or
> (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.
> (2) Time to Respond. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
> (3) Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

---

[1] Fed. R. Civ. P. 26(f)(1); *Collier v. Shell Offshore, Inc.*, No. 14-2090, 2015 WL 13048735, at *1 (E.D. La. Mar. 7, 2015) (citing Fed. R. Civ. P. 26(d)(1)).

> (4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Rule 34 provides, in pertinent part:

> (a) IN GENERAL. A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information . . or
> (B) any designated tangible things; . . .
> . . .
> (b) PROCEDURE.
> (1) Contents of the Request. The request:
> (A) must describe with reasonable particularity each item or category of items to be inspected;
> (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and
> (C) may specify the form or forms in which electronically stored information is to be produced.
> (2) Responses and Objections.
> (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served or—if the request was delivered under Rule 26(d)(2)—within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. . . . The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
> (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Thus, these Federal Rules require the Plaintiff to serve the Interrogatories and Requests directly on the defendants and to allow them 30 days within which to respond.

Defendants Town of Golden Meadow, Bryce Autin and Brandon France state that they will treat Plaintiff's motion for discovery, filed May 28, 2021, as Interrogatories and Requests for Production of Documents served on them on that date. ECF No. 19, at 2. Accordingly, they have agreed to respond to the interrogatories and requests for production within 30 days (i.e., by June

28, 2021). The State of Louisiana has not responded to this motion, however, and thus made no such agreement. Accordingly, Plaintiff must properly propound his Interrogatories and Requests for Production to that defendant before any response will be due.

The Federal Rules also address how a party should proceed if the opposing party does not timely or sufficiently respond to discovery requests. Specifically, Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Accordingly, should defendants not respond as required after any necessary service of Plaintiff's discovery requests, plaintiff may then file a motion to compel pursuant to Fed. R. Civ. P. 37, but only after conducting the good faith conference required by Fed. R. Civ. P. 37(a)(1). Plaintiff should also attach copies of interrogatories and requests for production with his motion for the court's consideration.

### III.    CONCLUSION

Plaintiff does not need a court order to conduct discovery. Rather, Plaintiff is entitled to conduct discovery as any civil litigant, pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Discovery (ECF No. 18) is DENIED; Plaintiff may proceed to conduct discovery pursuant to Rules 26-37 of the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this 18th day of June, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE