UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LENWARD P. HEBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-88** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "G"** |

### ORDER AND REASONS

*Pro se* Plaintiff Lenward Hebert ("Plaintiff") brings this suit against Defendants the State of Louisiana (the "State"), the Town of Golden Meadow, the Town of Golden Meadow Police Department, Brice Autin ("Autin"), and Deputy Brandon France ("France") (collectively, "Defendants").[1] Before the Court is the State's "Motion to Dismiss."[2] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

### I. Background

On June 24, 2020, Plaintiff filed a complaint in the 17th Judicial District Court in the Parish of Lafourche, State of Louisiana.[3] On January 14, 2021, Defendants the Town of Golden Meadow, Autin, and France removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1343.[4]

---

[1] Rec. Doc. 1-2. Plaintiff also brought claims against the Louisiana State Bar Association, which were voluntarily dismissed by Plaintiff on March 15, 2021. Rec. Doc. 12.

[2] Rec. Doc. 6.

[3] Rec. Doc. 1-2.

[4] Rec. Doc. 1.

1

In the Complaint, Plaintiff alleges that while driving in the Town of Golden Meadow, he was pulled over by Deputy France and cited for a traffic violation.[5] Plaintiff claims that France ordered Plaintiff to get out of his Ford Escape and stand behind his car "so that Plaintiff could not see what [] France was doing inside Plaintiffs [sic] Ford Escape" and so France could "ransack[]" the vehicle.[6] Plaintiff alleges that France searched the vehicle without Plaintiff's consent.[7] Plaintiff claims that France purposely "killed the battery" on Plaintiff's phone and dropped Plaintiff's proof of insurance document "down between the front passenger seat and the center console" so that Plaintiff would be unable to show proof of insurance.[8]

Plaintiff claims that France stole from the vehicle Plaintiff's "Handgun (fully loaded with Black Talons, 8 bullets), holster, double magazine pouch, two magazines (fully loaded with Black Talons, 7 bullets each), 22 bullets total, and handcuffs, with case."[9] Plaintiff alleges that France cited Plaintiff for failure to provide proof of insurance, speeding, an expired brake tag, and driving with a suspended driver's license.[10] Plaintiff contends that his driver's license is not suspended and that this was confirmed by the Department of Motor Vehicles.[11] Plaintiff alleges that France

---

[5] Rec. Doc. 1-2 at 7–8.

[6] *Id.* at 8.

[7] *Id.* at 9.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 10–11.

[11] *Id.* at 13.

"threatened to 'arrest Plaintiff' and 'throw Plaintiff in jail' if Plaintiff refused to cooperate."[12] Plaintiff claims that France then towed Plaintiff's vehicle.[13]

Plaintiff alleges that Autin, acting as both the Town of Golden Meadow's prosecutor and magistrate judge, tried Plaintiff for his alleged traffic violations.[14] Plaintiff claims that no evidence was presented at trial but that police officer witnesses cited outside evidence and told Plaintiff that "Plaintiff was not allowed to see it."[15] Plaintiff alleges that he produced evidence from the Louisiana Department of Motor Vehicles confirming that his driver's license was not suspended, but that his evidence was ignored.[16] Plaintiff claims that there was never a valid "charging instrument" brought against him.[17] Plaintiff alleges that he was convicted by Autin.[18]

Plaintiff brings numerous claims against Defendants. Specifically regarding the State, Plaintiff alleges that the State "trains, aggressively supports, and manages" Defendants.[19] Plaintiff brings twelve total claims against the State: (i) aggravated criminal trespassing against Plaintiff, (ii) deprivation of rights under color of law, (iii) conspiracy against rights, (iv) conspiracy to interfere with civil rights, (v) denial of due process and unlawful arrest, (vi) unlawful search and

---

[12] *Id.* at 11.

[13] *Id.*

[14] *Id.* at 13.

[15] *Id.* at 15.

[16] *Id.* at 16.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 33.

seizure, (vii) theft of Plaintiff's property, (viii) piracy, (ix) outfitting vessels/vehicle for piracy, (x) attempting to receive pirated goods, (xi) denial of Plaintiff's right to travel, and (xii) fraud.[20]

On February 3, 2021, the State filed the instant motion to dismiss.[21] On March 14, 2021, Plaintiff filed an opposition.[22]

## II. Parties' Arguments

### A. *The State's Arguments in Support of the Motion to Dismiss*

The State first argues that Plaintiff's claims under 42 U.S.C. §1983 for monetary damages should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the State is immune from suit under the Eleventh Amendment.[23] Therefore, the State contends that this Court lacks jurisdiction to hear Plaintiff's claims for monetary damages against the State.[24]

The State next argues that any remaining claims by Plaintiff against the State should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because "Plaintiff has not pled any facts to implicate the State of Louisiana, and references to the State only appear in the caption of the case and in the list of 'claims' without any factual foundation for the State's involvement beyond what *appears* to be a sort of respondeat superior claim for the alleged actions of the Town Defendants."[25] The State contends that § 1983 claims require a plaintiff to "assert with particularity that a defendant's action or inaction was a violation of the plaintiff's civil rights," a requirement

---

[20] *Id.* at 33–34.

[21] Rec. Doc. 6.

[22] Rec. Doc. 10.

[23] Rec. Doc. 6-1 at 5.

[24] *Id.* at 6.

[25] *Id.*

that Plaintiff has not met in the instant case because he fails to "ever specifically cite an action taken by the State" in the Complaint.[26] Thus, the State alleges that Plaintiff has failed to state a claim against the State under § 1983.

### B.  *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

Plaintiff argues that the State is not immune from the instant suit.[27] Plaintiff alleges that the State is a federal corporation that can be sued.[28] Therefore, Plaintiff contends that the State's motion to dismiss should be denied.[29]

### III. Legal Standards

### A.  *Legal Standard on a Rule 12(b)(1) Motion to Dismiss*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[30] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[31] In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution

---

[26] *Id.* at 7.

[27] Rec. Doc. 10 at 5. Plaintiff submitted one opposition responding to both the State's motion to dismiss and a motion to dismiss filed by the Town of Golden Meadow, the Golden Meadow Police Department, Autin, and France. This Order only addresses the arguments raised in opposition to the State's motion to dismiss.

[28] *Id.* at 5–6.

[29] *Id.* at 11.

[30] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[31] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

of disputed facts.[32] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[33]

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well."[34] A state's immunity from suit under the Eleventh Amendment "is not absolute," however, and "a state may waive its immunity by voluntarily consenting to suit."[35] "A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment."[36]

### B.   *Legal Standard on a Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[37] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[38] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[39]

The "[f]actual allegations must be enough to raise a right to relief above the speculative

---

[32] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[33] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

[34] *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 622 F.3d 336, 240 (5th Cir. 2011).

[35] *Id.* (internal citations omitted).

[36] *Pennhurst State Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 121 (1984).

[37] Fed. R. Civ. P. 12(b)(6).

[38] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

level."[40] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[41] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[42]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[43] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[44] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[45] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[46]

## IV. Analysis

In the instant motion, the State urges the Court to dismiss Plaintiff's claims against the State because (i) this Court lacks jurisdiction over Plaintiff's § 1983 claims for monetary damages because the State is entitled to sovereign immune and (ii) for any other claims, Plaintiff fails to state a claim against the State.

---

[40] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[41] *Iqbal*, 556 U.S. at 678.

[42] *Id.*

[43] *Id.* at 677–78.

[44] *Id*. at 679.

[45] *Id*. at 678.

[46] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[47] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[48] Accordingly, the Court will consider the State's jurisdictional arguments first.

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well."[49] Furthermore, the Eleventh Amendment bars an action for monetary damages by a private individual in federal court against a sovereign state and its agencies and officials.[50] An exception applies where sovereign immunity is specifically abrogated by Congress pursuant to its legal authority under Section V of the Fourteenth Amendment or by consent of the State.[51] Though the language of the Eleventh Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal court by her own citizens as well as citizens of other States."[52] The scope of the Eleventh Amendment extends to actions against state agencies or entities that are classified as "arms of the state."[53] "A federal

---

[47] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir.2001) (citations omitted).

[48] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286–87 (5th Cir.2012) (citations omitted).

[49] *Union Pac. R.R. Co.*, 662 F.3d at 340.

[50] *Seminole Tribe of Florida v. Florida, et al.*, 517 U.S. 44 (1996); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000).

[51] *Id.*

[52] *Edelman v. Jordan*, 415 U.S. 651, 662–63, (1974) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)).

[53] *Regents of the University of Ca. v. John Doe*, 519 U.S. 425, 429 (1997).

court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment."[54]

Here, the State of Louisiana is immune from suit. In each of Plaintiff's claims against the State, he sues the State itself, not an official or agency of the state, and seeks monetary damages. Section 1983 does not abrogate Eleventh Amendment immunity.[55] Furthermore, the Fifth Circuit has recognized that Louisiana has not expressly waived its immunity under the Eleventh Amendment for all claims filed in federal court pursuant to Louisiana Revised Statute § 13:5106(A),[56] which provides that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[57] Therefore, the State of Louisiana is immune from suit by Plaintiff, a private citizen of Louisiana.

Although the Court construes *pro se* complaints liberally, Plaintiff bears the burden of establishing federal jurisdiction. Plaintiff's Section 1983 claims against the State of Louisiana are barred by the Eleventh Amendment, and this Court lacks subject matter jurisdiction over these claims. The Fifth Circuit has instructed that claims that are barred by the Eleventh Amendment must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).[58] Accordingly, the claims against the State of Louisiana must be dismissed without prejudice for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[54] *Pennhurst State Sch. & Hosp.*, 465 U.S. at 121.

[55] *Khan v. S. Univ. & Agric. & Mech. Coll. Bd. of Supervisors*, No. 03-30169, 2005 WL 1994301, at *3 (5th Cir. 2005).

[56] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991).

[57] La. Rev. Stat. § 13:5106(A).

[58] *Williams v. Thomas*, 169 F. App'x 285 (5th Cir. 2006).

As for Plaintiff's claims for "preliminary and permanent injunctive relief,"[59] Plaintiff has failed to identify any action by the State that led to his alleged injuries. All of Plaintiff's claimed injuries were allegedly the result of actions taken by actors of the Town of Golden Meadow, including its police department and judicial system. Therefore, Plaintiff's claims for preliminary and permanent injunctive relief are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the State of Louisiana's "Motion to Dismiss"[60] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this 30th day of July, 2021.

                                             **NANNETTE JOLIVETTE BROWN**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**

---

[59] Rec. Doc. 1-2 at 2.

[60] Rec. Doc. 6.