UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LENWARD P. HEBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-88** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "G"** |

### ORDER AND REASONS

Plaintiff Lenward Hebert ("Plaintiff") brings this suit against Defendants the State of Louisiana, the Town of Golden Meadow, the Town of Golden Meadow Police Department (the "GMPD"), Brice Autin ("Autin"), and Deputy Brandon France ("France") (collectively, "Defendants").[1] Before the Court is Golden Meadow, GMPD, Autin, and France's (collectively, "Town Defendants") "Motion to Dismiss."[2] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

### I. Background

On June 24, 2020, Plaintiff filed a petition in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.[3] On January 14, 2021, Defendants the Town of Golden Meadow, Autin, and France removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1343.[4]

---

[1] Rec. Doc. 1-2. Plaintiff also brought claims against the Louisiana State Bar Association, but voluntarily dismissed the claims on March 15, 2021. Rec. Doc. 12.

[2] Rec. Doc. 7.

[3] Rec. Doc. 1-2.

[4] Rec. Doc. 1.

1

Plaintiff alleges that while driving in the Town of Golden Meadow, he was pulled over by Deputy France and cited for a traffic violation.[5] Plaintiff claims that France ordered Plaintiff to get out of his Ford Escape and stand behind his car "so that Plaintiff could not see what [] France was doing inside Plaintiffs [sic] Ford Escape" and so France could "ransack[]" the vehicle.[6] Plaintiff alleges that France then searched the vehicle without Plaintiff's consent.[7] Plaintiff claims that France purposely "killed the battery" on Plaintiff's phone and dropped Plaintiff's proof of insurance document "down between the front passenger seat and the center console" so that Plaintiff would be unable to show proof of insurance.[8] Further, Plaintiff claims that France stole from the vehicle Plaintiff's "Handgun (fully loaded with Black Talons, 8 bullets), holster, double magazine pouch, two magazines (fully loaded with Black Talons, 7 bullets each), 22 bullets total, and handcuffs, with case."[9]

Plaintiff alleges that as a result of the encounter, France cited Plaintiff for four traffic offenses: (i) failure to provide proof of insurance, (ii) speeding, (iii) an expired brake tag, and (iv) driving with a suspended driver's license.[10] Plaintiff contends that his driver's license was not suspended at the time he was pulled over by France and that he confirmed as much with the Department of Motor Vehicles after his encounter with France.[11] Plaintiff alleges that France

---

[5] Rec. Doc. 1-2 at 7–8.

[6] *Id.* at 8.

[7] *Id.* at 9.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 10–11.

[11] *Id.* at 13.

"threatened to 'arrest Plaintiff' and 'throw Plaintiff in jail' if Plaintiff refused to cooperate."[12] Plaintiff claims that France then towed Plaintiff's vehicle.[13] Plaintiff claims that when he went to retrieve his car the next day, an employee of the towing service returned to Plaintiff his stolen handgun.[14]

Thereafter, Plaintiff alleges that he was tried for his alleged traffic violations by Autin, acting as both the Town of Golden Meadow's prosecutor and magistrate judge.[15] Plaintiff claims that no evidence was presented at trial but that police officers, acting as witnesses, were permitted to cite to outside evidence and told Plaintiff that "Plaintiff was not allowed to see it."[16] Plaintiff alleges that he produced evidence from the Louisiana Department of Motor Vehicles confirming that his driver's license was not suspended, but that his evidence was ignored.[17] Plaintiff claims that there was never a valid "charging instrument" brought against him.[18] Plaintiff alleges that he was convicted by Autin.[19]

In this suit, Plaintiff brings numerous claims against Town Defendants, seemingly under § 1983 and Louisiana law, relating to the traffic stop and subsequent conviction for traffic

---

[12] *Id.* at 11.

[13] *Id.*

[14] *Id.* at 12.

[15] *Id.* at 13.

[16] *Id.* at 15.

[17] *Id.* at 16.

[18] *Id.*

[19] *Id.*

violations.[20] Specifically, Plaintiff brings the following claims: (i) aggravated criminal trespassing, (ii) deprivation of rights under color of law, (iii) conspiracy against rights, (iv) conspiracy to interfere with civil rights, (v) denial of due process of law and unlawful arrest, (vi) unlawful search and seizure, (vii) theft, (viii) piracy, (ix) operating a vessel/vehicle outfitted for piracy, (x) attempting to receive pirated goods, (xi) denial of right to travel, and (xii) fraud.[21] Plaintiff also "demands" that France's commission and Autin's bar license be revoked for five years and "order[s] the capture, arrest, and prosecution" of France and Autin.[22] On February 8, 2021, Town Defendants filed the instant motion to dismiss.[23] On March 14, 2021, Plaintiff filed an opposition.[24]

## II. Parties' Arguments

### A.   *Town Defendants' Arguments in Support of the Motion to Dismiss*

Town Defendants raise multiple arguments in support of dismissing Plaintiff's claims. First, Town Defendants allege that Plaintiff failed to timely request service and therefore, the Complaint should be dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(5).[25] Town Defendants contend that under Louisiana law, Plaintiff was required to request

---

[20] *Id.* at 3–4, 25–32.

[21] *Id.* at 25–32.

[22] *Id.*

[23] Rec. Doc. 7.

[24] Rec. Doc. 10.

[25] Rec. Doc. 7-2 at 3.

service within ninety days of filing suit.[26] Town Defendants assert that Plaintiff filed suit on June 25, 2020, but failed to request service until December 11, 2020, beyond the ninety-day deadline.[27]

Town Defendants further allege that if service is deemed to be untimely under Rule 12(b)(5) and Plaintiff's claims are dismissed without prejudice, Plaintiff will be unable to re-file the instant claims against Town Defendants because Plaintiff's claims are now prescribed.[28] According to Town Defendants, Plaintiff's claims are subject to a one-year prescriptive period under Louisiana law, meaning Plaintiff had to file a proper suit by October 22, 2020.[29] Town Defendants contend that Plaintiff's filing of the instant suit, which Town Defendants claim must be dismissed for failure to timely serve, did not interrupt this prescriptive period.[30] Therefore, Town Defendants argue that Plaintiff will be unable re-file this action and Plaintiff's claims should be dismissed as prescribed pursuant to Rule 12(b)(6).[31]

Alternatively, Town Defendants argue that Plaintiff's claims are barred by the Supreme Court's ruling in *Heck v. Humphrey*.[32] Town Defendants contend that Plaintiff was convicted of four traffic offenses on October 22, 2019, and his convictions have not been invalidated on appeal.[33] Town Defendants argue that given that Plaintiff's convictions remain, and given that

---

[26] *Id.* at 4.

[27] *Id.* at 5.

[28] *Id.* at 5–7.

[29] *Id.* at 7.

[30] *Id.*

[31] *Id.*

[32] *Id.* at 8 (citing 512 U.S. 477 (1994)).

[33] *Id.* at 8–9.

Plaintiff's current claims seek to undermine the validity of his conviction, such claims are barred by *Heck*.[34]

Finally, Town Defendants contend that Plaintiff's claims against the Town of Golden Meadow Police Department must be dismissed because GMPD is not an entity capable of being sued.[35] Town Defendants allege that under Louisiana Law, police departments are not distinct legal entities and therefore cannot be sued.[36]

B.  *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiff argues that his lawsuit against Defendants was timely filed.[37] Plaintiff claims that he filed the petition in 17th Judicial District Court for the Parish of Lafourche on June 24, 2020 and requested service of process be issued the following day, June 25, 2020, less than a year after the incident that led to this litigation.[38] Plaintiff alleges that despite requesting service on June 25, 2020, the state court Clerk of Court did not file Plaintiff's request until December 11, 2020.[39] Plaintiff contends that this delay was a purposeful attempt to deny Plaintiff due process.[40] Therefore, Plaintiff contends that Town Defendants' motion to dismiss should be denied.[41]

---

[34] *Id*.

[35] *Id*. at 12.

[36] *Id*.

[37] Rec. Doc. 10 at 1.

[38] *Id*. at 1–2.

[39] *Id*. at 2.

[40] *Id*. at 4.

[41] *Id*. at 11. Plaintiff submitted one opposition responding to both the State of Louisiana's motion to dismiss and the Town Defendants' motion to dismiss. This Order only addresses the arguments raised in opposition to Town

### III. Legal Standards

*A.     Legal Standard on a Rule 12(b)(5) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[42] When service was made prior to a case being removed, courts apply state law—here, Louisiana law—in determining whether service was proper.[43]

*B.     Legal Standard on a Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[44] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[45] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[46]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[47] The complaint need not contain detailed factual allegations, but it must offer more than

---

Defendants' motion to dismiss.

[42] *Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

[43] *Vaughn v. Frame*, 210 F.3d 366 (5th Cir. 2000); *Sal Ciolino & Assocs. v. First Extended Serv. Corp.*, 156 F. App'x 621, 622 (5th Cir. 2005) (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)); *Foster v. Rescare, Inc*, No. 16-670, 2016 WL 3388387, at *1 (E.D. La. June 20, 2016) (Vance, J.).

[44] Fed. R. Civ. P. 12(b)(6).

[45] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[47] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a

mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[48] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[49]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[50] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[51] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[52] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[53]

### IV. Analysis

As an initial matter, Town Defendants argue that any claims brought against the Town of Golden Meadow Police Department must be dismissed because the GMPD is not an entity capable of being sued. Federal Rule of Civil Procedure 17(b) provides that "capacity to sue or be sued is determined . . . by the law of the state where the court is located." Under Louisiana Civil Code article 24, a juridical person is defined as "an entity to which the law attributes personality, such as a corporation or partnership." Courts have consistently held that police departments are not

---

"reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[48] *Iqbal*, 556 U.S. at 678.

[49] *Id*.

[50] *Id.* at 677–78.

[51] *Id.* at 679.

[52] *Id.* at 678.

[53] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

juridical persons capable of being sued under Louisiana law.[54] Accordingly, Plaintiff's claims against the GMPD are dismissed with prejudice.

Town Defendants raise two main arguments in favor of dismissal of Plaintiff's remaining claims: (i) Plaintiff did not request service within the permissible ninety day period provided under Louisiana law and Plaintiff's claims are now prescribed; and (ii) Plaintiff's claims are barred by *Heck* because each claims questions the validity of Plaintiff's convictions for traffic offenses. Each argument is discussed below in turn.

A.  ***Whether Plaintiff Failed to Request Timely Service of Process***

Town Defendants argue that Plaintiff filed the instant suit on June 25, 2020 but did not request service until December 11, 2020, beyond the ninety day allowance for proper service provided in Louisiana Revised Statute 13:5107 ("Section 13:5107).[55] Town Defendants contend that Section 13:5107 mandates dismissal in the absence of timely service and as such, Plaintiff's claims should be dismissed without prejudice.[56] Town Defendants further claim that such dismissal does not interrupt the one-year tort prescription period under Louisiana law and therefore, even if Plaintiff attempted to re-file the instant action, the prescription period has run on Plaintiff's claims.[57] In opposition, Plaintiff claims that he mailed a request for service of the petition on June 25, 2020, but that the state court Clerk's Office failed to process such request and

---

[54] *See, e.g.*, *Kerr v. New Orleans Police Dep't*, No. 13-525, 2013 WL 6019300, at *1 (E.D. La. Nov. 13, 2013) (Feldman, J.); *Melancon v. New Orleans Police Dep't*, No. 08-5005, 2009 WL 249741, at *2 (E.D. La. Jan. 30, 2009) (Lemmon, J.); *Thorn v. McGary*, No. 15-127, 2016 WL 3257583, at *1 n.1 (E.D. La. June 14, 2016) (Lemmon, J.), *aff'd*, 684 F. App'x 430 (5th Cir. 2017).

[55] Rec. Doc. 7-2 at 4–5.

[56] *Id.* at 5.

[57] *Id.* at 7.

9

failed to inform Plaintiff that service was incomplete.[58] Plaintiff claims that he was finally contacted by the state court Clerk's Office on December 10, 2020, and that Plaintiff thereafter went in person to the Clerk's Office on December 11, 2020 to file service into the record properly.[59]

As stated above, Federal Rule of Civil Procedure 12(b)(5) provides for dismissal without prejudice of an action for insufficient service of process. When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[60] Here, because service was made prior to this case being removed to this Court, Louisiana law applies in determining whether service was proper.[61] Given that this suit was brought against the State of Louisiana, Louisiana Revised Statute § 13:5107 governs service.

Louisiana Revised Statute § 13:5107(D) provides, in pertinent part:

(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, **service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party**. This requirement may be expressly waived by the defendant in such action by any written waiver. **If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.** (emphasis added).

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil

---

[58] Rec. Doc. 10 at 2.

[59] *Id.*

[60] *Aetna Bus. Credit., Inc.*, 635 F.2d at 435.

[61] *Vaughn*, 210 F.3d at 366; *Sal Ciolino & Assocs.*, 156 F. App'x at 622 (citing *Freight Terminals, Inc.*, 461 F.2d at 1052); *Foster*, 2016 WL 3388387, at *1.

10

> Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

"Where a plaintiff fails to request service on the State within that ninety-day period, the claim against the State *shall* be dismissed without prejudice."[62] Pursuant to Louisiana Code of Civil Procedure article 1672(C), service may be made after the ninety-day period if "good cause is shown why service could not be requested within that period."[63]

Section 13:5107 does not define when service is deemed "requested." The Louisiana Supreme Court has interpreted "requested" to require a showing that "the clerk receives the request for service and can then act on it."[64] However, the Louisiana Supreme Court has, in recent years, found service timely even when a plaintiff did not "strictly comply" with service requirements under Louisiana law.[65] Section 13:5107(D)(2) further makes clear that a request for service, if timely, is sufficient even if the service itself was erroneous.[66]

Here, while it is undisputed that Town Defendants were not actually served until December 16, 2020,[67] Plaintiff presents evidence[68] to show that he timely requested service when he mailed

---

[62] *Castillo v. St. Charles Corr. Ctr.*, No. 06-0043, 2006 WL 4027292, at *4 (E.D. La. Aug. 15, 2006), *report and recommendation adopted*, No. 06 0043, 2006 WL 4040674 (E.D. La. Sept. 13, 2006).

[63] *Id.*; *Covington v. Town of Jackson*, No. 19-201-JWD-RLB, 2020 WL 838293, at *4 (M.D. La. Feb. 20, 2020).

[64] *Covington*, 2020 WL 838293, at *4 (citing *Tranchant v. State of Louisiana*, 08-0978 (La. 1/21/09), 5 So. 3d 832, 838).

[65] *Id.* at *6 (citing *Lathan Co., Inc. v. Div. of Admin.*, 17-0396 (La. App. 1 Cir. (1/24/19), 272 So. 3d 1, 6, *writ denied*, 19-0331 (La. 4/29/19), 268 So. 3d 1036); *Morales v. State ex rel. Bd. of Supervisors of LSU ex rel. Earl K. Long Med. Ctr.*, 2012-2301 (La. 1/11/13), 106 So. 3d 104, 105.

[66] *Id.*

[67] Rec. Doc. 11-4.

[68] Rec. Doc. 11-2.

a request for service to the 17th Judicial District Court Clerk's Office on June 25, 2020, the day after filing the state court petition.[69] Plaintiff claims that he was not notified that such service was defective until December 10, 2020, and that the following day, Plaintiff "personally went to the Clerks [sic] Office to complain, and to deliver onto the Clerks [sic] Office another request for Service of Process."[70] Plaintiff, proceeding *pro se*, has shown that he attempted to serve Defendants within the 90-day window provided by Section 13:5107 and upon notification that his service was incomplete, immediately remedied the situation. This Court, therefore, declines to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5).

### B.     *Whether Plaintiff's Claims are Barred by* Heck

Alternatively, Town Defendants argue that Plaintiff's state and federal claims should be dismissed under *Heck v. Humphrey*. In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm cause by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254, claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[71]

---

[69] Rec. Doc. 10 at 2.

[70] *Id.*

[71] 512 U.S. at 486–87.

In sum, if success on a plaintiff's Section 1983 claim would imply the invalidity of a state court conviction, *Heck* bars such claims and instructs such claims to be dismissed with prejudice until such time as the *Heck* bar is lifted.[72] "To lift the *Heck* bar, the plaintiff must show that the prior criminal proceeding terminated in his favor."[73] While the Court in *Heck* dealt with constitutional claims under Section 1983, state law claims that arise from the same "factual basis" as constitutional claims are subject to the same analysis under *Heck*.[74] Further, "*Heck* applies to claims seeking declaratory and injunctive relief."[75]

Here, Plaintiff raises a myriad of claims against each of Town Defendants. Plaintiff brings the following claims: (i) aggravated criminal trespassing, (ii) deprivation of rights under color of law, (iii) conspiracy against rights, (iv) conspiracy to interfere with civil rights, (v) denial of due process of law and unlawful arrest, (vi) unlawful search and seizure, (vii) theft, (viii) piracy, (ix) operating a vessel/vehicle outfitted for piracy, (x) attempting to receive pirated goods, (xi) denial of right to travel, and (xii) fraud.[76] Plaintiff also "demands" that France's commission and Autin's bar license be revoked for five years and "order[s] the capture, arrest, and prosecution" of France and Autin.[77]

Plaintiff was cited and convicted for failure to provide proof of insurance, speeding, an

---

[72] *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").

[73] *Holmes v. Reddoch*, No. 19-12749, 2021 WL 1063069, at *5 (E.D. La. Mar. 18, 2021) (Africk, J.).

[74] *Price v. City of Bossier*, 841 F. App'x 650, 654 (5th Cir. 2021).

[75] *Ellis v. City of Dallas*, No. 3:17-3199-D-BH, 2018 WL 5303299, at *2 (N.D. Tex. Sept. 21, 2018), *report and recommendation adopted,* No. 3:17-3199-D, 2018 WL 5299575 (N.D. Tex. Oct. 25, 2018).

[76] Rec. Doc. 1-2 at 25–32.

[77] *Id.*

expired brake tag, and driving with a suspended driver's license.[78] Plaintiff makes no arguments that his convictions for four traffic offenses have been overturned. Therefore, this Court must ask whether Plaintiff's claims implicate the validity of his convictions. If so, such claims are barred by *Heck* and must be dismissed; if not, they may proceed. While the legal source for each of Plaintiff's claims is not articulated in the Petition, given that Plaintiff's claims all arise from the same factual basis, all are subject to a *Heck* analysis. Therefore, the Court will analyze the applicability of *Heck* to Plaintiff's claims.

Each of Plaintiff's claims implicate the validity of Plaintiff's convictions and are therefore barred by *Heck*. Ten of Plaintiff's claims—for aggravated criminal trespassing,[79] deprivation of rights under color of law, conspiracy against rights, conspiracy to interfere with civil rights, denial of due process of law and unlawful arrest, piracy,[80] operating a vessel/vehicle outfitted for piracy, attempting to receive pirated goods, denial of right to travel, and fraud[81]—call into question the validity of the traffic stop and must be dismissed. To prove each claim would require Plaintiff to show that France lacked reasonable suspicion to stop Plaintiff's car and probable cause to thereafter issue Plaintiff traffic citations. Since proving a lack of reasonable suspicion or probable

---

[78] *Id.* at 10–11.

[79] Plaintiff asserts a claim for "aggravated criminal trespassing." *See, e.g.*, *Id.* at 25. Construing the petition liberally, the Court treats Plaintiff's claim as a civil claim for trespassing.

[80] Plaintiff's piracy claims rest on his belief that Town Defendants "attack swiftly in motor vehicles/vessels, that have been specially outfitted with high speed engines, emergency lights, and sirens; for the purpose of hostile, aggressive, attack, on the highway" and that police cars "are painted the color of authority like legitimate Police Vehicles; and hide in concealment, along the highway, in order to pounce and attack, swiftly and in ambush, under hostile, Aggravated Force of Arms; to 'STOP' Plaintiff from 'traveling', and to force Plaintiff over to the side of the road." *Id.* at 19.

[81] Plaintiff alleges fraud based on his theory that Town Defendants' "entire Extortion system is based on lies, and threats, in order to obtain Plunder from their victims." *Id.* at 17.

14

cause would question the validity of Plaintiff's traffic convictions, such claims are barred under *Heck*. Plaintiff's "demands" for the revocation of France's commission and Autin's bar license and his insistence on the "capture, arrest, and prosecution" of France and Autin likewise implicate Plaintiff's convictions and must be dismissed.[82]

Plaintiff's claims for unreasonable search and seizure and for theft likewise depend on the validity of the traffic stop and Plaintiff's convictions. Plaintiff alleges that France unlawfully searched his vehicle after the traffic stop, and claims that France, after stopping Plaintiff's car, "stole Plaintiffs [sic] handgun and expensive bullets" and committed theft by impounding Plaintiff's vehicle.[83] However, Louisiana Revised Statute § 32:863 provides that a vehicle *shall* be impounded if the vehicle's operator cannot show proof of insurance.[84] The Fourth Amendment likewise provides a "community caretaking" exception, permitting impoundments by the police "in furtherance of public safety or community caretaking functions, such as removing disabled or damaged vehicles, and automobiles which violate parking ordinances, and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic."[85] If Plaintiff was properly cited for failing to have proof of insurance, it would be lawful for his vehicle to be towed. Therefore, Plaintiff's allegation that his vehicle was stolen when it was towed would necessarily question the validity of Plaintiff's convictions.

After seizure of a vehicle, police may carry out a reasonable inventory search to protect the

---

[82] *Id.*

[83] *Id.* at 12.

[84] *See United States v. Swan*, 259 F. App'x 656, 659 (5th Cir. 2007).

[85] *United States v. McKinnon*, 681 F.3d 203, 208 (5th Cir. 2012) (citing *South Dakota v. Opperman*, 428 U.S. 364 (1976)) (internal quotation marks omitted).

vehicle owner's property, to protect the police from claims of stolen property, and to protect the police from danger.[86] Plaintiff's claims for unreasonable search and seizure and for the theft of his handgun hinge on Plaintiff's allegations that France did not have the right to search Plaintiff's vehicle without his consent.[87] Such claims would require Plaintiff to show that his car was unlawfully impounded. Since proving these claims, again, would question the validity of Plaintiff's traffic conviction for lack of insurance, such claims are barred by *Heck*.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Town of Golden Meadow, the Golden Meadow Police Department, Bryce Autin, and Brandon France's "Motion to Dismiss"[88] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Lenward Hebert's claims against the Golden Meadow Police Department are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff Lenward Hebert's claims against the Town of Golden Meadow, Bryce Autin, and Brandon France are hereby **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

**NEW ORLEANS, LOUISIANA,** this 3rd day of August, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[86] *Id.* (citing *United States v. Lage*, 183 F.3d 374, 380 (5th Cir. 1999)).

[87] Rec. Doc. 1-2 at 9.

[88] Rec. Doc. 7.